UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUWON CHAMBERS                                          CIVIL ACTION

VERSUS                                                  No. 23-1641

HAZA FOODS OF LOUISIANA,                                SECTION: "J"(2)
LLC AND PENNSYLVANIA
MANUFACTURERS INDEMNITY
COMPANY

### ORDER & REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 25)** filed by Plaintiff Juwon Chambers who asks this Court to dismiss Defendant Haza Foods of Louisiana, LLC's counterclaim against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant filed a response in opposition thereto (Rec. Doc. 30). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

### FACTS AND PROCEDURAL BACKGROUND

This case arises from a personal injury lawsuit filed by Plaintiff, Juwon Chambers, who alleges injuries sustained from a fall at a Wendy's restaurant owned and operated by Defendant, Haza Foods of Louisiana, LLC. At the time of the incident, Plaintiff, a subcontractor, was on the premise installing monitors, cables and providing other technical support pursuant to a Work Order executed between himself and DataMax Service. Defendant requested the installation and technical services though DataMax. (Rec. Doc. 22, ¶ 37).

In response to Plaintiff filing suit, Defendant filed a counterclaim against Plaintiff for indemnification and breach of contract based on the Work Order, which states:

> "To the fullest extent permitted by law, Contractor shall indemnify Company or Company's customers from all damages, losses, or expenses, including attorney's fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damages to tangible property, other than the Work itself. This indemnification shall extend to claims resulting from performance of this Work Order and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Contractor or any of its agents, employees, or subcontractors. This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified. Contractor agrees to hold Company or Company's customers harmless in the event of damages or injuries due to any negligence on their part."

(Rec. Doc. 25-1, at 3–4).

The parties do not dispute that "Contractor" means Plaintiff and "Company" means DataMax. (Rec. Doc. 30, at 2). Presently, the parties dispute whether "Company's customers" includes Defendant Haza Foods of Louisiana, LLC.

Plaintiff filed this instant motion to dismiss Defendant's counterclaim arguing (1) Defendant is not a third-party beneficiary and (2) the Work Order's indemnification provision only applies to claims of the Contractor or Plaintiff's negligence, not Defendant's negligence.

In response, Defendant contend (1) the contract shows clear intent that the parties intended Defendant to be a third-party beneficiary of the Work Order (Rec. Doc. 30, at 3–4), and (2) that Defendant seeks indemnity in light of Plaintiff's negligence for failing to wear appropriate footwear, failing to report potentially

hazardous conditions, failing to keep his workplace reasonably safe, and failing to observe open and obvious conditions (Rec. Doc. 30, at 5).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Regarding Plaintiff's first argument, the Court finds that Defendant is a third-party beneficiary entitled to enforce the indemnity provision. Plaintiff primarily argues the Work Order's term "Company's customers" only includes Wendy's International, not Defendant. (Rec. Doc. 25-1, at 4). In support of his position,

Plaintiff argues that Defendant failed to state a claim for stipulation *pour autrui* that which is plausible on its face. (Rec. Doc. 25-1, at 4). The Court disagrees.

The Louisiana Civil Code recognizes the creation of a contractual benefit for a third party or stipulation *pour autrui*. La. Civ. Code. Ann. arts. 1978, 1981; *see also Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1211. The Louisiana Supreme Court provided three criteria for determining whether contracting parties have provided a benefit for a third party. *Id.* at 1212. The three criteria are: (1) the stipulation for a third party is manifestly clear, 2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Id.*

Given consideration to the factors outlined by the Louisiana Supreme Court and the fact that Plaintiff concedes that stipulation for a third party is clear (Rec. Doc 25-1, at 4), it is clear to the Court that the Work Order manifests a clear intent to benefit a third party. However, the Court disagrees with Plaintiff's position that the third-party benefit is intended for Wendy's International and not Defendant as the franchise owner. The Work Order expressly lists third-party indemnities are DataMax's customers. Accepted as true, Defendant's counterclaim expressly states that it was DataMax's customer (Rec. Doc. 22 ¶ 37), and that Defendant requested the installation and technical services though DataMax. (Rec. Doc. 22, ¶ 37); (Rec. Doc. 30, at 4). Therefore, the Court finds that Defendant was DataMax's customer, and so, the Defendant was an intended third-party indemnitee under the Work Order.

Furthermore, although this is not a motion for summary judgment, Defendant states it "stands ready to produce the work order, which bears sales order no. 278410" and "invoice no. 287291 from DataMax to [Defendant], for sales order no. 278410, which shows that [Defendant]—not Wendy's—was billed for [Plaintiff's] work." (Rec. Doc. 30, at 5).

Regarding Plaintiff's second argument, the Court finds that Defendant has plead sufficient facts to survive a Rule 12(b)(6) motion to dismiss. Defendant seeks indemnity in light of Plaintiff's own negligence. In its answer and counterclaim, Defendant affirmatively alleges that Plaintiff's negligence was at fault for his own injuries. (Rec. Doc. 30, at 5); (Rec. Doc. 22, ¶¶ 21, 39). Specifically, Defendant alleges that Plaintiff failed to wear appropriate footwear, failed to report potentially hazardous conditions (e.g., the substance he slipped on), failed to keep his own workplace reasonably safe, and failed to observe open and obvious conditions (Rec. Doc. 30, at 5-6).  The Work Order expressly provides for this indemnity. It states, specifically,

> This **indemnification shall extend to claims resulting from performance of this Work Order and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Contractor** or any of its agents, employees, or subcontractors.

(emphasis added). Thus, indemnity is owed for claims resulting from the performance of Plaintiff's services to Defendant that were caused in part by Plaintiff's negligence.

5

The Court, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the movant, finds Defendant has plead sufficient facts to survive a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, this 24th day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE