UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUWON CHAMBERS | CIVIL ACTION |
| VERSUS | NO. 23-1641 |
| HAZA FOODS OF LOUISIANA, LLC AND PENNSYLVANIA MANUFACTURERS INDEMNITY COMPANY | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court are Defendants' *Motion for Fees and Costs* **(Rec. Doc. 54)**, and Allison J. Johnson's response (Rec. Doc. 56). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

On May 2, 2025, the Court granted in part Defendants' *Rule 37 Motion for Sanction* and imposed a sanction of reasonable attorney's fees and costs on Allison J. Johnson, personally, associated with the following: (1) the October 2, 2024 Telephone Status Conference; (2) Defendants' *Motion to Enforce the Court's October 2, 2024 Order, Compel Discovery, and Continue Pretrial Deadlines and Trial* (Rec. Doc. 35); (3) Defendants' *Rule 37 Motion for Sanctions* (Rec. Doc. 44); and (4) the May 2, 2025 motion hearing. (Rec. Doc. 52, at 1–2). Defendants' counsel was given until May 16, 2025 to submit a motion for attorney's fees and costs. *Id.* at 2. Plaintiff's counsel was given until May 23, 2025 to file any response. *Id.*

## LEGAL STANDARD

Under Rule 37 of the Federal Rules of Civil Procedure, a party may be liable for reasonable expenses including attorney's fees caused by the failure to comply with a discovery order. Fed. R. Civ. P. 37(b); *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002). "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986) (citations omitted). The sanction imposed must be "the least severe sanction adequate to achieve the desired result." *Sacife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

Once a court orders that a party must pay reasonable fees and expenses as a sanction, the lodestar analysis is then used to determine the proper amount of fees "by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). In awarding attorneys' fees and costs as sanctions, however, the purpose is not to simply repay the requesting party, but to deter and punish the sanctioned party. *See Thomas v. Capital Sec. Serv., Inc.* 836 F.2d 866, 879 (5th Cir. 1988) ("'[R]easonable' does not necessarily mean actual expenses.").

## DISCUSSION

Here, Defendant's counsel asserts he is entitled to attorneys' fees and costs in the amount of $15,930.14, which represents: (1) $2,533.00 incurred with bringing the

*Motion to Enforce the Court's October 2, 2024 Order, Compel Discovery, and Continue Pretrial Deadlines and Trial* (Rec. Doc. 35); (2) $7,137.50 incurred in *Rule 37 Motion for Sanctions* (Rec. Doc. 44); (3) $4,900.00 incurred for attending the motion hearing on May 2, 2025 and in preparing this instant motion and supporting Declaration of Timothy Masterson; and (4) $1,359.64 incurred in travel expenses for attending the May 2, 2025. (Rec. Doc. 54, at 2).

Citing Fifth Circuit and Federal Circuit caselaw for the proposition that monetary sanctions must be tailored to a party's ability to pay, Allison J. Johnson argues that the Court should relieve her from any monetary sanction as she does not currently have an income as this sanction led to her dismissal. (Rec. Doc. 56, at 2). In making this argument, Allison J. Johnson failed to attach a personal affidavit, bank statement, or any other evidence in support of her position.

This routine slip and fall case has now been continued three times. (Rec. Docs. 21, 40, and 52). The underlying theme of all the continuances has been the failure to produce Plaintiff's prior medical records and unnecessary delays.[1] Notwithstanding

---

[1] In late August 2024, the Court granted the parties *Joint Motion to Continue Pretrial Deadlines* (Rec. Doc. 18) and continued the discovery deadline. (Rec. Doc. 21). Parties requested brief continuance of the discovery deadline, in part, because "additional information [was] being collected which includes additional medical records from providers identified. . ." (Rec. Doc. 18).

On October 2, 2024, the Court held a telephone status conference and granted the parties' first joint motion to continue the trial and pretrial deadlines (Rec. Doc. 28), because the parties were unable to complete discovery in time for trial. The Parties reasoned, in part, continuance was warranted because (1) Plaintiff's deposition had to be continued before it could be completed with time constraints that Plaintiff and his attorney had in the afternoon; and (2) Plaintiff failed to make the scheduled IME appoint, which subsequently had to be rescheduled. (Rec. Doc. 26).

Further, at the October 2, 2024 status conference, the Court discussed with the parties the issue involving Plaintiff's medical records. In its minute entry, the Court ordered "Plaintiff shall provide his prior medical records to Defendants within 21 days of this Order." (Rec. Doc. 28).

the continuances and delays, Plaintiff failed to comply with the Court's orders compelling discovery. At the hearing on Defendants' *Rule 37 Motion for Sanctions*, the Court considered dismissal as a sanction. In an attempt to avoid dismissal, Allison J. Johnson fell on her sword, arguing the failure to comply was due to her oversight, not the Plaintiff's. The Court warned Allison J. Johnson that the sanctions could be against her. Although the Court found grounds for dismissal as a sanction, the Court instead ordered monetary sanctions against Allison J. Johnson, personally. (Rec. Doc. 52).  The Court seeks to deter Allison J. Johnson and parties in the future from failing to obey court orders compelling discovery. This failure caused wasted time, effort, and resources not only to Defendants, but to the Court as well. Considering all the factors present, the Court finds that a sanction of $5000.00 is sufficient to deter future misconduct.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART** and that Allison J. Johnson is to pay $5,000.00 to opposing counsel within 90 days from the date of this order.

---

On October 24, 2024, the Court denied Plaintiff's *Motion to Dismiss*. (Rec. Doc. 31) Such denial of the motion required Plaintiff to answer Defendants' counterclaim in 14 days, pursuant to Fed. R. Civ. P. 12(a)(4). On December 5, 2024, Plaintiff filed a *Motion for Extension of Time to Answer Counterclaim* (Rec. Doc. 37). This motion for extension of time to answer was filed 27 days after the answer was due. Further, Plaintiff had set the motion for submission one day before the final pretrial conference was set.  The Court set a telephone statute conference regarding this motion on December 11, 2024.

At the December 11, 2024 Telephone Status Conference, the Court (1) granted plaintiff's *Motion for Extension of Time to Answer Counterclaim*, (2) ordered Plaintiff to file his answer by January 27, 2025; (3) continued the trial a second time; and (4) ordered "The parties shall not delay discovery or the litigation of this case." (Rec. Doc. 40).

New Orleans, Louisiana, this 29th day of May, 2025.

                                       _____
                                       CARL J. BARBIER
                                       UNITED STATES DISTRICT JUDGE